UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERAMIE PAUL BRUNET, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1111** |
| **CATAHOULA CORRECTIONAL WARDEN** | **SECTION "J"(4)** |

## REPORT AND RECOMMENDATION

Plaintiff Jeramie Paul Brunet, Jr. ("Brunet") filed this *pro se* 42 U.S.C. § 1983 is a prisoner incarcerated in the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana. ECF No. 1, at 2-3. Brunet brings this suit against the Warden of the Catahoula Correctional Center in Harrisonburg, Louisiana. Construing his complaint broadly, Brunet alleges that his constitutional rights were violated during his temporary transfer to CCC during a hurricane evacuation between October 5 and 8, 2020.

Brunet also submitted an application to proceed *in forma pauperis*.[1] Because the Court recommends the transfer of this case, ruling on the pauper application is deferred to the receiving Court.

### I.  Venue Provisions

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving

---

[1] ECF No. 2.

rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Pursuant to 28 U.S.C. § 1406, a court may dismiss, or in the interests of justice, transfer a case from a district in which venue is wrong to another district or division in which venue is proper. *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).

**II.   Discussion**

Brunet has sued a defendant who is not present in this district and urges claims that did not occur within this district. Brunet, instead, indicates that the defendant and events giving rise to his lawsuit occurred at CCC, which is in the city of Harrisonburg, Catahoula Parish, Louisiana. Catahoula Parish falls within the geographical boundaries of the United States District Court for the Western District of Louisiana. 28 U.S.C. § 98(c). While Brunet may currently be housed in this district, venue for his suit is proper in the Western District of Louisiana. The interest of justice would be served by transfer of this *pro se* matter to the proper district.

**III.   Recommendation**

It is **RECOMMENDED** that this civil action under 42 U.S.C. § 1983 be **TRANSFERRED** to the United States District Court for the Western District of Louisiana for further proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 11th day of June, 2021.

                        **KAREN WELLS ROBY**
                **CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[2] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.